UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRALEE E. JAMES,<br>Plaintiff,<br>v.<br>PETE MAXON,<br>Defendant. | CASE NO. 2:26-CV-1789-TMC-DWC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Presently before the Court is Plaintiff Iralee E. James's Motion requesting Court-appointed counsel. Dkt. 11. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of

the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion, Plaintiff requests the appointment of counsel because he suffers from auditory and visual hallucinations and the hallucinations interfere with his ability to litigate this case. Dkt. 11. He states he is having help from legal aid and once this individual stops helping him he will not be able to litigate the case. *Id*. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case nor shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Additionally, at this time, Plaintiff is able to clearly articulate his requests in a way that is understandable to the Court. While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331.Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 11) is denied.

Dated this 26th day of August, 2026.

David W. Christel
United States Magistrate Judge